FILED

2017 JAN -4 AM 8:30

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LINDA CARTER,

    Plaintiff,

-VS-                                    CASE NO.: 3:17cv004-J-20 PDB

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, LINDA CARTER, by and through the undersigned counsel, and sues Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like RECEIVABLES PERFORMANCE MANAGEMENT, LLC from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

1

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See Mims v. Arrow Fin. Servs., LLC, S.Ct. 740, 748 (2012) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014)

8.  The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9.  Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014) and Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, RECEIVABLES PERFORMANCE MANAGEMENT, LLC, is a corporation with its principal place of business located at 20816 44th Ave. West Lynnwood, Washington 98036 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road Planation, Florida 33324.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. On or about July 2016, Plaintiff revoked her consent to be called by the defendant by requesting that the calls stop. Specifically stating "please stop calling me!" Each call the defendant made to Plaintiff's cell phone after said revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

3

16. Despite Plaintiff informing Defendant to stop calling the Defendant's autodialer calls to Plaintiff's cellular phone continued after July 2016. Between July 2016 and October 2016, Plaintiff made a non-exclusive log of one hundred (100) calls she received from the Defendant, including but not limited to the following calls:

From the phone number (425) 372-5306

    a. July 11th 2016 (2)

    b. July 12th 2016 (2)

    c. July 13th 2016 (2)

    d. July 25th 2016 (2)

    e. August 1st 2016 (2)

    f. August 8th 2016 (1)

17. Plaintiff estimates approximately one hundred (100) calls to her cell phone post-revocation.

18. The autodialer calls from Defendant came from telephone numbers including but not limited to (425) 372-5306, (425) 412-2539, (425) 372-5339 and (425) 372-5334, and when those numbers are called, a pre-recorded voice or agent answers and identifies the numbers as belonging to the defendant.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately July 2016 through the filling of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

20. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

21. RECEIVABLES PERFORMANCE MANAGEMENT, LLC is a "creditor" as defined in Florida Statute §559.55(5).

22. RECEIVABLES PERFORMANCE MANAGEMENT, LLC called Plaintiff on Plaintiff's cellular telephone approximately one hundred (100) times since revocation in July 2016, in an attempt to collect a debt.

23. RECEIVABLES PERFORMANCE MANAGEMENT, LLC attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

24. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from RECEIVABLES PERFORMANCE MANAGEMENT, LLC.

25. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) ***-3959, and was the called party and recipient of Defendant's calls.

26. Beginning on or about July 2016, RECEIVABLES PERFORMANCE MANAGEMENT, LLC began bombarding Plaintiff's cellular telephone (904) ***-3959 in an attempt to collect on a personal loan.

5

27. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or RECEIVABLES PERFORMANCE MANAGEMENT, LLC, to remove the number.

29. RECEIVABLES PERFORMANCE MANAGEMENT, LLC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to RECEIVABLES PERFORMANCE MANAGEMENT, LLC they wish for the calls to stop.

30. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

32. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33. RECEIVABLES PERFORMANCE MANAGEMENT, LLC's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

34. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

35. Not a single call placed by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

36. RECEIVABLES PERFORMANCE MANAGEMENT, LLC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

37. From each and every call placed without consent by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

38. From each and every call without express consent placed by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from RECEIVABLES PERFORMANCE MANAGEMENT, LLC's calls.

39. From each and every call placed without express consent by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

40. Each and every call placed without express consent by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone was an injury in the form of

7

a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

42. Each and every call placed without express consent by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

43. Each and every call placed without express consent by RECEIVABLES PERFORMANCE MANAGEMENT, LLC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

44. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

45. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

46. RECEIVABLES PERFORMANCE MANAGEMENT, LLC willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified RECEIVABLES PERFORMANCE MANAGEMENT, LLC that she wished for the calls to stop.

47. RECEIVABLES PERFORMANCE MANAGEMENT, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against RECEIVABLES PERFORMANCE MANAGEMENT, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

48. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein

49. At all times relevant to this action RECEIVABLES PERFORMANCE MANAGEMENT, LLC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

50. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

51. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

52. RECEIVABLES PERFORMANCE MANAGEMENT, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against RECEIVABLES PERFORMANCE MANAGEMENT, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
**(Violation of the FDCPA)**

53. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-four (44) as if fully set forth herein.

54. At all times relevant to this action RECEIVABLES PERFORMANCE MANAGEMENT, LLC is subject to and must abide by 15 U.S.C. § 1692 et seq.

55. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

56. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

57. RECEIVABLES PERFORMANCE MANAGEMENT, LLC has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against RECEIVABLES PERFORMANCE MANAGEMENT, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amy Ferrera, Esquire*
Amy Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 559-4846
amferrera@forthepeople.com
amoore2@forthepeople.com
Attorney for Plaintiff